

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
10/01/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 08-60088 |
| GREG GARZA, ELVERA GARZA | § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

### MEMORANDUM OPINION
(Docket Nos. 55, 56 and 57)

      Wells Fargo Bank, N.A. ("Wells Fargo") initiated this dispute with the filing of two Notices of Mortgage Payment Change under Bankruptcy Rule 3002.1. The Debtor filed objections to the notices and requested the award of attorney's fees and other affirmative relief. For the reasons set forth below, the Court will sustain the Debtors' objections in part and deny them in part. A separate order will issue.

### Procedural Background

      1.    The Debtors filed this chapter 13 case on October 14, 2008 [Docket No. 1]. The Court confirmed the Debtors' amended chapter 13 plan on January 26, 2009 [Docket No. 38]. The Debtors are in good standing under their plan.

      2.    On August 3, 2011, the chapter 13 trustee filed and served his "Notice of Bar Date for Asserting Claim for Post-Petition Charges Accruing on Residential Mortgage Claims" (the "Bar Date Notice") [Docket No. 51]. The Bar Date Notice provides that any claim for post-petition charges arising under the applicable mortgage documents through August 3, 2011 must be filed no later than 60 days after the notice date or October 2, 2011.

      3.    On May 23, 2012, Wells Fargo filed a Notice of Payment Change under Rule 3002.1(b) [Docket No. 54]. The Debtor objected to the notice on June 22, 2012 [Docket No. 56]. Wells Fargo withdrew the notice on July 28, 2012 [Docket No. 63].

      4.    On June 8, 2012, Wells Fargo filed a second Notice of Mortgage Payment Change under Rule 3002.1(b) [Docket No. 55]. The Debtor objected to the second notice on June 22, 2012 [Docket No. 57]. In the notice, Wells Fargo seeks to increase the Debtors' mortgage payment due to an escrow shortage of $1,243.46 that occurred over the plan period from 2008 to 2012. Wells Fargo also seeks to increase the escrow payment to provide for a two-month reserve of $507.12. In their objection, the Debtors request the Court deny the proposed payment change and award attorney's fees for Wells Fargo's violation of Bankruptcy Rule 3002.1.

      5.    On June 22, 2012, the Debtors filed their emergency motion to stay the effect of the proposed change to their ongoing mortgage payment [Docket No. 58]. The Court granted the motion by Order entered June 25, 2012 [Docket No. 59].

6. On July 31, 2012, the Court convened a hearing to consider the Debtors' objection. At the hearing, the parties proposed to submit the matter to the Court on stipulated facts and exhibits (Courtroom Minutes 7/31/2012). The Court continued the hearing to August 17, 2012. On August 16, 2012, the parties jointly submitted their proposed stipulations and exhibits [Docket No. 65].

7. At the August 17, 2012 hearing, the Court requested additional briefing on the impact of the Real Estate Settlement Procedures Act ("RESPA") on the parties' dispute. Briefs were submitted on September 10, 2012 [Docket Nos. 66 and 67].

**Stipulated Facts/Exhibits**

8. The parties submitted this case to the Court on the following stipulated facts [Docket No. 65]:

- The Debtors filed this bankruptcy proceeding on October 14, 2008.

- The Debtors' primary residence is located at 1207 Oriole, Victoria, Texas 77901 (the "Property").

- The Property is the Debtors' exempt homestead.

- Wells Fargo is the owner/holder of a claim secured by a deed of trust lien on the Property.

- Wells Fargo filed a secured proof of claim on November 11, 2008.

- On the petition date, the Debtors' ongoing monthly mortgage payment listed by Wells Fargo in its proof of claim was $625.71.

- The monthly mortgage payment of $625.71 consisted of principal and interest of $383.15 plus an escrow of $242.56.

- The monthly escrow of $242.56 was comprised of taxes ($144.96), homeowner's insurance ($75.00) and private mortgage insurance ($22.60).

- The Court confirmed the Debtors' December 22, 2008 proposed chapter 13 plan by order entered January 6, 2009.

- The chapter 13 trustee filed a Notice of Bar Date for Asserting Claims for Post-Petition Charges Accruing on Residential Mortgage Claims (the "Bar Date Notice") on August 3, 2011.

- Wells Fargo filed its first Notice of Mortgage Payment Change on May 23, 2012 at Docket No. 54.

- Wells Fargo filed its second Notice of Mortgage Payment Change on June 8, 2012 at Docket No. 55.

- The Debtors filed an objection to the first Notice of Mortgage Payment Change on June 22, 2012 at Docket No. 56.

- The Debtors filed an objection to the second Notice of Mortgage Payment Change on June 22, 2012 at Docket No. 57.

- On July 28, 2012, Wells Fargo withdrew its first Notice of Mortgage Payment Change filed on May 23, 2012 at Docket No. 54 [Docket No. 63].

- The post-petition escrow shortages (defined as the difference between the actual expenses and amount paid to Wells Fargo by the chapter 13 trustee) are as follows:

| **Time Period** | **Monthly Amount** | **Total** |
|---|---|---|
| 2008 (2 mos.) | $9.95 | $19.90 |
| 2009 (12 mos.) | $20.16 | $241.92 |
| 2010 (12 mos.) | $25.60 | $307.20 |
| 2011 (12 mos.) | $32.86 | $394.32 |
| 2012 (through 6/30) | $32.40[1] | $194.40 |
| | | ====== |
| | | $1,157.74[2] |

9. In addition, the parties stipulated to the admission of the following exhibits:

Exhibit 1 – Wells Fargo Proof of Claim
Exhibit 2 – Chapter 13 Trustee's disbursement records
Exhibit 3 – Confirmed chapter 13 plan
Exhibit 4 – Chapter 13 Trustee's Notice of Bar Date
Exhibit 5 – Notice of Mortgage Payment Change [Docket No. 54]
Exhibit 6 – Attorney time records with respect to Exhibit 5
Exhibit 7 – Notice of Mortgage Payment Change [Docket No. 55]
Exhibit 8 – Attorney time records with respect to Exhibit 7

---

[1] The Court notes that the stipulation contains a typographical error. The Court has used the correct monthly shortage of $32.40 and not $32.86.

[2] The Court notes that this stipulated number is different that the escrow shortage contained in the attachments to the Notice of Mortgage Payment Change at Docket No. 55. No explanation was provided regarding the reason for the inconsistency.

The parties offered no other evidence or testimony.

## Analysis

9.      Bankruptcy Rule 3002.1(c) provides that the holder of a claim secured by a lien in the debtor's principal residence must file and serve a notice itemizing all fees, expenses and other post-petition charges. The rule further provides that the notice must be served within 180 days after the date the charges were incurred. FED. R. BANKR. P. 3002.1(c). If the claimant fails to comply with the rule, the Court may award any appropriate relief, including attorney's fees. FED. R. BANKR. P. 3002.1(i). It is undisputed that Wells Fargo failed to comply with Rule 3002.1. The analysis in this case is complicated, however, by the fact that Rule 3002.1 became effective on December 1, 2011. The relevant time period in this case spans from October 14, 2008 to the present. As Rule 3002.1 has no predecessor, the Court must examine Wells Fargo's obligations pre-December 1, 2011 under other applicable law.

10.     On August 3, 2011, the chapter 13 trustee served his "Notice of Bar Date for Asserting Claim for Post-Petition Charges Accruing on Residential Mortgage Claims." The notice provides that any claim for "late charges, attorney fees or other charges you believe are authorized pursuant to your agreement with the Debtor" must be asserted within 60 days of the date of the notice. Wells Fargo does not dispute that it failed to comply with the chapter 13 trustee's notice. Instead, Wells Fargo asserts that the notice and this District's home mortgage procedures are unclear, ambiguous and violate RESPA. The notice and the procedures under which the notice was issued are neither unclear nor ambiguous. Likewise, they do not violate RESPA. Wells Fargo's failure to act is a by-product of its own negligence, nothing more.

11.     Both parties agree that RESPA establishes certain rights and obligations of parties to a residential real estate loan transaction. The parties further agree that RESPA requires that a lender provide an annual statement of a borrower's escrow account prior to January 31st of each year. There is no evidence that Wells Fargo ever sent the Debtors the required statements during the relevant time period. Wells Fargo argues that the absence of any evidence that it violated the statute must mean that it complied. The stipulated facts, exhibits and the existence of this dispute suggest otherwise. It defies logic to suggest that, if the required statements had been sent, neither Wells Fargo, the Debtors nor the chapter 13 trustee would have taken any action for over four years or that Wells Fargo would have failed to assert a claim in accordance with the Bar Date Notice or that Wells Fargo would have provided copies of the statements to the Court in view of the Debtors' allegations. The Court concludes that no notices were sent and that Wells Fargo failed to comply with RESPA.

12.     The proper remedy for a failure to comply with the annual escrow analysis requirement has been the topic of significant debate. The majority of courts that have considered the issue have determined that the failure to provide an annual escrow analysis constitutes a waiver of any right to recover a deficiency. *See e.g., In re Dominque*, 368 B.R. 913 (Bankr. S.D. Fla. 2007); *In re Johnson*, 384 B.R. 763 (Bankr. E.D. Mich. 2008). The Court agrees with the reasoning of these decisions.

13. The Court is also mindful of the equities of this case. The Debtors have dutifully made their required plan payments since late 2008. Based on the Court's review of the docket, the Debtors have done everything that chapter 13 requires them to do. This Court will not dim the light that shines at the end of the long 60-month tunnel for compliant debtors. Accordingly, the Court believes that the Debtors are entitled to relief under applicable law and Bankruptcy Rule 3002.1.

14. All deficiencies claimed by Wells Fargo for the years 2008, 2009, 2010 and 2011 are waived. Wells Fargo shall immediately credit the Debtors' escrow account with these amounts. In addition, Wells Fargo will deposit the sum of $507.12 in the Debtors' escrow account. These funds shall belong to the Debtors. With respect to the anticipated shortage for 2012, Wells Fargo shall provide its calculation to the Debtors for review within fourteen days of the entry date of the Order accompanying this memorandum opinion. If there is no objection, the escrow payment shall be increased to recoup the deficiency over the course of the next 12 months. If there is an objection, the Debtors shall file a written pleading setting forth their objection within fourteen days after their receipt of the calculation from Wells Fargo.

15. The Debtors have also requested an award of attorney's fees and costs pursuant to Bankruptcy Rule 3002.1. The requested fees and expenses total $4,670.00. The Court has reviewed the invoices submitted by the parties as Exhibits 6 and 8. The Court has no issue with counsel's rate as it is commensurate with the rates of attorneys of similar ability and experience. Wells Fargo does not object to any of the individual time entries. Accordingly, the Court finds, with one exception, that the time spent by counsel was reasonable and necessary for the issues presented.

16. The more difficult issue is whether an award of all fees and costs is appropriate under the circumstances of this case. As discussed above, Bankruptcy Rule 3002.1 became effective on December 1, 2011 and has no predecessor. While Wells Fargo's notices do not comply with the rule, there is no way that Wells Fargo could have complied with Rule 3002.1 with respect to the 2008, 2009 and 2010 deficiencies. Wells Fargo could have, however, complied with the rule for the 2011 deficiency. Based on the Court's review of the submitted invoices, it does not appear that the work performed by counsel was heavily dependent on the number of years in which Wells Fargo asserts a deficiency. Accordingly, the Court will award attorney's fees to the Debtors in the amount of $4,107.50 ($4,670.00 - $562.50[3]).

17. All other relief is denied. A separate order will issue.

**SIGNED: October 1, 2012.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

---

[3] The Court disallows the anticipated charge for August 17, 2012 in Exhibit 8.

5 / 5